# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 816 | **DATE** | 10/5/2010 |
| **CASE TITLE** | Pavlik et al vs. FDIC | | |

**DOCKET ENTRY TEXT**

The Court, in its discretion, grants in part and denies in part Plaintiffs' motion to strike [28]. Specifically, the Court denies Plaintiffs' motion as to the FDIC's Answers to Paragraphs 1, 2, 10-18, 22, 25, 29, 34, 42-46, and 48. The Court grants Plaintiffs' motion as to the FDIC's Affirmative Defenses Nos. 1 and 2 and strikes Affirmative Defense Nos. 1 and 2 without prejudice. The FDIC shall file and serve an Amended Answer in compliance with this order on or before 10/26/10.

■[ For further details see text below.]      Notices mailed by Judicial staff.

## STATEMENT

      On February 5, 2010, Plaintiffs John Pavlik and Donna Smithey, on behalf of themselves, Universal Federal Savings Bank ("Universal"), and a class of FDIC certified Universal claimants, filed the present two-count Complaint against Defendants Federal Deposit Insurance Company ("FDIC"), in its Corporate and Receivership Capacity, and Adam Resnick seeking declaratory judgment. Before the Court is Plaintiffs' Motion to Strike the FDIC's Answers to Paragraphs 1, 2, 10-18, 22, 25, 29, 34, 42-46, and 48 and the FDIC's Affirmative Answers Nos. 1 and 2. For the following reasons, the Court, in its discretion, grants in part and denies in part Plaintiffs' motion. Specifically, the Court denies Plaintiffs' motion as to the FDIC's Answers to Paragraphs 1, 2, 10-18, 22, 25, 29, 34, 42-46, and 48. The Court grants Plaintiffs' motion as to the FDIC's Affirmative Defenses Nos. 1 and 2 and strikes Affirmative Defense Nos. 1 and 2 without prejudice. The FDIC shall file and serve an Amended Answer in compliance with this order on or before October 26, 2010.

Continued...

| | Courtroom Deputy Initials: | KF |
|---|---|---|

## LEGAL STANDARD

"Rule 12(f) provides that a district court 'may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.'" *Delta Consulting Group, Inc. v. R. Randle Const., Inc.,* 554 F.3d 1133, 1141 (7th Cir. 2009) (quoting Fed.R.Civ.P. 12(f)). Motions to strike pursuant to Rule 12(f) are disfavored, *see Williams v. Jader Fuel Co.,* 944 F.2d 1388, 1405-1406 (7th Cir. 1991), and often squander judicial resources. *Cf. Custom Vehicles, Inc. v. Forest River, Inc.,* 464 F.3d 725, 728 (7th Cir. 2006) (Easterbrook, J.) (in chambers). Motions to strike are appropriate, however, if they serve to expedite litigation. *See Heller Fin., Inc. v. Midwhey Powder Co.,* 883 F.2d 1286, 1294 (7th Cir. 1989); *see also Talbot v. Robert Matthews Distrib. Co.,* 961 F.2d 654, 664 (7th Cir. 1992) (allegations may be stricken if the matter bears no possible relation to controversy). District courts have considerable discretion to strike allegations under Rule 12(f). *See Delta,* 554 F.3d at 1141-42. "The party moving to strike has the burden of showing that the challenged allegations are so unrelated to plaintiff's claim as to be devoid of merit, unworthy of consideration, and unduly prejudicial." *E & J Gallo Winery v. Morand Bros. Beverage Co.,* 247 F.Supp.2d 979, 982 (N.D. Ill. 2003) (citation and internal quotation omitted).

## BACKGROUND

In 2001, Defendant Resnick perpetrated a fraud that led to the FDIC's takeover of Universal, which is a Nominal Defendant in this lawsuit. (R. 1, Compl. ¶ 9.) In particular, Universal's failure was due to a check-kiting scheme that Resnick conducted from December 2001 until June 2002. (*Id.* ¶ 12.) Universal was a federal savings bank located at 1800 South Halsted Street, Chicago, Illinois and the FDIC insured the deposits of Universal. (*Id.* ¶ 9.) Due to Resnick's conduct, the FDIC, as receiver of Universal, closed Universal in June 2002. (*Id.*)

On July 6, 2006, Resnick entered into a plea agreement with the United States that required him to pay $9,750,545.00 in restitution to the FDIC. (*Id.* ¶ 18.) After Resnick pleaded guilty, he was sentenced to forty-two months imprisonment. (*Id.* ¶ 17.) In addition to the $9,750,545.60 restitution owed by Resnick, the FDIC – as receiver of Universal – obtained a judgment of $848,197.63 against Domenic Poeta, who was a bookie who had received money from Resnick. (*Id.* ¶¶ 26, 27.)

Prior to being indicted on the check-kiting scheme, Resnick was employed as a consultant at U.S. Pharmacy and during that time he became aware of a fraudulent health care scheme. (*Id.* ¶ 19.) After the United States Attorney for the Northern District of Illinois declined to prosecute the matter, Resnick persuaded the law firm of Phillips & Cohen LLP to initiate a *qui tam* action with Resnick as the relator. (*Id.* ¶ 20.) In November 2009, Omnicare, Inc. agreed to pay well over $19 million to settle the *qui tam* action. (*Id.* ¶ 21.) As relator, Resnick is entitled to approximately $2 million of this *qui tam* award. (*Id.* ¶ 22.)

In the present Complaint, Pavlick alleges that he had deposited over $100,000 at Universal before and during the time of the FDIC's takeover. (*Id.* ¶ 4.) Smithey, owner of Building Solutions, Chicago, LLC, also alleges that she had deposited over $100,000 at Universal during the relevant time period. (*Id.* ¶ 5.) Both Pavlick and Smithey allege that they have not received their entire deposits back from the FDIC. (*Id.* ¶¶ 4, 5.) Plaintiffs thus allege two claims. Count I seeks a declaratory judgment that the depositors and creditors of Universal must be paid from Resnick's restitution. (*Id.* ¶¶ 41-45.) Count II seeks a declaratory judgment that the FDIC's retention of the Resnick restitution and the Poeta judgment are unconstitutional takings under the Fifth Amendment of the United States Constitution. (*Id.* ¶¶ 46-48.) Plaintiffs specifically bring this action to force the FDIC to: (1) pay former depositors the remaining unpaid portions of their Universal deposits in excess of $100,000 from Resnick's *qui tam* settlement; (2) pay creditors pursuant to 12 U.S.C. § 1821's priority scheme; and (3) return all profits gained from Resnick's restitution to the bank's depositors. (*Id.* ¶ 1.)

## ANALYSIS

**I.      The FDIC's Answer**

In their motion to strike, Plaintiffs argue that the FDIC's answers to Plaintiffs' allegations in Paragraphs 1, 2, 10-18, 22, 25, 29, 34, 42-46, and 48 do not satisfy the federal notice pleading standards. *See* Fed.R.Civ.P 8(b). Rule 8(b) states in relevant part:

> (1)  *In General.*  In responding to a pleading, a party must:
>
>> (A) state in short and plain terms its defenses to each claim asserted against it; and
>>
>> (B) admit or deny the allegations asserted against it by an opposing party.
>
> (2)  *Denials – Responding to the Substance.*  A denial must fairly respond to the substance of the allegation.
>
> (3) *General and Specific Denials.*  A party that intends in good faith to deny all the allegations of a pleading – including the jurisdictional grounds – may do so by a general denial.  A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted.
>
> (4) *Denying Part of an Allegation.*  A party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest.
>
> (5) *Lacking Knowledge or Information.*  A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial.

Fed.R.Civ.P. 8(b).

Here, Plaintiffs specifically argue that the FDIC's answers to Paragraphs 1, 11, 18, 25, 34, 42, 43, 44, 45, 46, and 48 wrongfully assert that Plaintiffs' allegations are "legal conclusions." *See State Farm Mut. Auto. Ins. Co. v. Riley,* 199 F.R.D. 276, 278 (N.D. Ill. 2001) (response that an allegation "states a legal conclusion" violates Rule 8(b)'s requirement that defendant respond to all allegations).  The FDIC, however, also unequivocally denied the allegations in Paragraphs 1, 11, 18, 25, 34, 42, 43, 44, 45, 46, and 48.  Thus, the FDIC has properly responded to these allegations by generally denying them.  *See* Fed.R.Civ.P. Rule 8(b)(3); *Birdo v. Wolenhaupt,* No. 07-572-JPG, 2010 WL 914925, at *1 (S.D. Ill. Mar. 11, 2010) ("Rule 8(b)(3) permits a general denial").

Meanwhile, in answering Paragraph 2 – which includes jurisdictional allegations – the FDIC admitted part of the allegation and stated that it lacks knowledge or information to form a belief as to the truth of the remaining allegations.  Also, the FDIC answers that it lacks knowledge and information as to Paragraph 22.  As clearly stated by Rule 8(b)(5), "[a] party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial."  As such, the FDIC's answers to Paragraphs 2 and 22 satisfy the notice pleading requirements.

In answering Paragraphs 10, 12, 13, 14, 15, 16, 17, the FDIC makes admissions and also denies Plaintiffs' attempt to paraphrase Resnick's plea agreement explaining that the actual language in plea agreement "speaks for itself."  Although the language "the document speaks for itself" is not one of the alternatives under Rule 8(b), the

FDIC has also either admitted or denied these allegations. Thus, the Court will not strike the FDIC's responses, especially because Plaintiffs have failed to establish that "the challenged allegations are so unrelated to plaintiff's claim as to be devoid of merit, unworthy of consideration, and unduly prejudicial." *E & J Gallo Winery,* 247 F.Supp.2d at 982.

Finally, Plaintiffs' allegations in Paragraph 29 cite to the statute 12 U.S.C. § 1821(d) to which the FDIC admits that the paragraph cites to the statute and that the "statute speaks for itself." The FDIC further then states "[t]o the extent that Paragraph 29 purports to describe or paraphrase the priority scheme, established in the statute, the FDIC respectfully refers the Court to the text of the statute itself." Again, although the language "speaks for itself" is not envisioned by the notice pleading standards, the FDIC has also admitted this paragraph. Therefore, the FDIC's response is not improper and the Court declines to strike the response as improper.

## II.  The FDIC's Affirmative Defenses

Next, Plaintiffs argue that the Court should strike the FDIC's Affirmative Defenses Nos. 1 and 2. In Affirmative Defense No. 1, the FDIC's states in its entirety: "The Complaint fails to state a claim upon which relief can be granted." Affirmative Defense No. 2 states: "The Complaint fails, in whole or in part, to satisfy the facial plausibility standard in *Ashcroft v. Iqbal,* ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009)."

"Affirmative defenses will be stricken 'only when they are insufficient on the face of the pleadings.'" *Williams v. Jader Fuel Co.,* 944 F.2d 1388, 1400 (7th Cir. 1991) (quoting *Heller Financial v. Midwhey Powder Co.,* 883 F.2d 1286, 1294 (7th Cir. 1989)). Nevertheless, "[i]t is appropriate for the court to strike affirmative defenses that add unnecessary clutter to a case." *Davis v. Elite Mortgage Servs.,* 592 F.Supp.2d 1052, 1058 (N.D. Ill. 2009) (citing *Heller,* 883 F.2d at 1295). "Courts in this Circuit apply a three-part test to affirmative defenses subject to a motion to strike: '(1) the matter must be properly pleaded as an affirmative defense; (2) the matter must be adequately pleaded under the requirements of Federal Rules of Civil Procedure 8 and 9; and (3) the matter must withstand a Rule 12(b)(6) challenge.'" *Sloan Valve Co. v. Zurn Indus., Inc.*, ___ F.Supp.2d ___, 2010 WL 1780258, at *4 (N.D. Ill. May 6, 2010) (citation omitted).

Here, the FDIC's affirmative defenses are bare legal conclusions that are insufficient under the notice pleading standard pursuant to Rule 8(a). *See Reis Robotics USA, Inc. v. Concept Indus., Inc.,* 462 F.Supp.2d 897, 904 (N.D. Ill. 2006) ("affirmative defenses must set forth a 'short and plain statement' of the basis for the defense."). Indeed, the alleged defense in Affirmative Defense No. 1 is merely a recitation of the standard for a motion to dismiss pursuant to Rule 12(b)(6) without any details. *See id.* at 905. Because Affirmative Defense No. 1 does not explain how Plaintiffs have failed to state a claim, the Court strikes this first defense without prejudice.

The FDIC's Affirmative Defense No. 2 similarly fails because the FDIC has failed to provide enough facts to put Plaintiffs on notice as to the basis of its defense that "[t]he Complaint fails, in whole or in part, to satisfy the facial plausibility standard in *Ashcroft v. Iqbal,* ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009)." *See Surface Shields, Inc. v. Poly-Tak Protection Sys., Inc.,* 213 F.R.D. 307, 308 (N.D. Ill. 2003). In other words, the FDIC's bare legal conclusion is insufficient under Rule 8(a) because this defense fails to point to the allegations in the Complaint that satisfy the elements of this defense. *See Davis,* 592 F.Supp.2d at 1059. The Court therefore strikes the FDIC's second affirmative defense without prejudice.