# EXHIBIT A

## SETTLEMENT AGREEMENT

This Settlement Agreement (Agreement) is made and entered into by Plaintiffs Joseph Pavlik and Donna Smithey (Plaintiffs) and Defendant Federal Deposit Insurance Corporation, in its corporate capacity (FDIC) (collectively the Parties), effective on this 17th day of June, 2011, as follows:

WHEREAS,

- A. On February 5, 2010, Plaintiffs instituted an action against FDIC at Docket No. 10-00816 (the Litigation) in the United States District Court for the Northern District of Illinois (the Court); and

- B. Beginning on January 20, 2011, the Parties participated in a series of settlement discussions before the Honorable Amy J. St. Eve, the presiding Judge in the Litigation (Judge); and

- C. The United States (U.S.) has asserted a claim to a portion of the proceeds identified in paragraph 1 below (Federal Tax Claim). The U.S. contends that the Federal Tax Claim is superior and the FDIC does not dispute this contention; and

- D. The Parties desire to resolve fully and finally all claims at issue in the Litigation as outlined below.

NOW, THEREFORE, the Parties agree to the following specific terms and conditions:

1. The FDIC will distribute to depositors and creditors of the former Universal Federal Savings Bank (the Bank) pursuant to the statutory priority scheme in 12 U.S.C. § 1821(d)(11), proceeds collected from any of the defendants in *USA v Resnick, et al.* (ND Ill. # 05-cr-0009) under the criminal restitution order (Restitution Order) that is the subject of the Litigation (Distribution).

2. Distribution of payments shall be limited to proceeds collected on the Restitution Order as of the date of the execution of this Agreement (to date) except that Distribution shall also include future proceeds collected as provided in paragraph 10 and Distribution payouts shall be reduced by amounts subject to the Federal Tax Claim as provided in paragraph 14 of this Agreement.

3. Distribution payout amounts shall be calculated based on FDIC accounting records to date by FDIC staff charged with making such determinations in the ordinary course of business and shall be disbursed by FDIC in conformance with FDIC's practices and procedures adopted pursuant to 12 U.S.C. § 1821(d)(11). FDIC staff will undertake to locate eligible

1

recipients based on last known address information; pursuant to FDIC policy and procedures, any unclaimed distribution payments shall be treated as unclaimed dividends subject to state unclaimed property laws.

4. Pursuant to 12 U.S.C. § 1821(d)(11)(A)(i), FDIC may retain up to $15,000 in Restitution Order proceeds for Distribution costs and up to $40,000 for attorneys fees to cover administrative expenses incurred by FDIC in connection with the Litigation, Distribution, and executing the terms and conditions of this Agreement.

5. The administrative expenses paid in the Distribution shall include reasonable attorney fees and expenses incurred by Plaintiffs' attorney of record (Plaintiffs' counsel) in connection with this Litigation and Agreement. Plaintiffs' counsel's fees and expenses shall be determined by the Judge based on a written submission by Plaintiffs' counsel and a written response by the FDIC.

6. Distribution payouts on claims under 12 U.S.C. §§ 1821(d)(11)(A)(ii) - (iv) shall include post-insolvency interest to date.

7. After payment of administrative expenses pursuant to 12 U.S.C. §§ 1821(d)(11)(A)(i) as described in paragraphs 4 and 5 of this Agreement, and distribution to all classes of Bank claimants by priority (ii) - (iv), FDIC shall, subject to the Federal Tax Claim as provided in paragraph 14 of this Agreement, distribute any remaining Restitution Order proceeds collected to date to Bank depositors *pro rata* based on their deposit account balances as of June 27, 2002, the date Bank was placed into FDIC receivership (*pro rata* share)

8. Upon signature of this Agreement by the Parties and pending FDIC's distribution of the Restitution Order proceeds collected to date pursuant to paragraphs 1-7 of this Agreement, either party may file with the Court on behalf of all Parties a Stipulation of Settlement and Dismissal Without Prejudice substantially in the form attached to this Agreement as Exhibit A. To the extent that his signature or any other affirmative acts are required to effectuate dismissal without prejudice, Plaintiffs' counsel agrees to act promptly.

9. FDIC shall be entitled to dismissal of the Litigation with prejudice upon transmittal to claimants of payouts collected to date on the Restitution Order pursuant to the provisions of paragraphs 1 through 7 of this Agreement. To effectuate dismissal pursuant to this paragraph, the FDIC shall submit to the Court a Stipulation of Settlement and Final Dismissal substantially in the form attached to this Agreement as Exhibit B. To the extent that counsel's signature or any other affirmative acts are required to

2

effectuate dismissal with prejudice, Plaintiffs' counsel agrees to act promptly.

10. Notwithstanding the provision in paragraph 2 of this Agreement, the FDIC shall on an annual basis beginning in 2011 and continuing until the Restitution Order is scheduled to expire under current law, distribute to Bank depositors their *pro rata* share of additional proceeds collected on the Restitution Order, provided that FDIC has received by December 31st of the preceding calendar year Restitution Order proceeds totaling at least $200,000. Upon the expiration of the Restitution Order, Plaintiffs may ask the FDIC to disburse to Bank depositors their *pro rata* share, as defined in paragraph 7 of this Agreement, of any accumulated and undistributed Restitution Order proceeds, and the FDIC shall negotiate with the Plaintiffs in good faith regarding such disbursement; failing agreement thereon, Plaintiffs may petition the court to request distribution of the remaining funds.

11. Upon Plaintiffs' request pursuant to FDIC procedures for requesting information under the Freedom of Information Act, 12 C.F.R. § 309.5, FDIC will provide an annual accounting of Restitution Order proceeds received by FDIC.

12. Other than as specified in paragraphs 4 and 5 of this Agreement and regardless of the amount of any distributions made pursuant to paragraph 10 of this Agreement, Plaintiffs' counsel and FDIC shall not receive any additional payment for attorney fees or expenses in connection with the Litigation or this Agreement.

13. Regardless of their depositor status as of June 27, 2002, no payments shall be distributed pursuant to this Agreement to Adam Resnick, Antonette Navarro or any other claimants barred from collecting Restitution Order proceeds or other payment in connection with the Bank's failure.

14. Distribution of Restitution Order proceeds pursuant to this Agreement, is subject to the Federal Tax Claim, and distribution payouts under this Agreement shall be reduced by amounts payable to satisfy the Federal Tax Claim;

15. Distribution of Restitution Order proceeds pursuant to this Agreement shall occur as expeditiously as possible after: 1) the Judge's final determination of Plaintiffs' counsel's attorney fees pursuant to paragraph 5 of this Agreement and 2) the U.S. notifies FDIC of discharge of the Federal Tax Claim.

FURTHER, the Parties hereby agree to the following general terms and conditions:

3

16. **Release.** Plaintiffs agree to release the FDIC in any capacity and in its entirety from any and all claims, demands, obligations, damages, actions, and causes of action, direct or indirect, in law or equity arising from the Litigation and/or in connection with the failure of the Bank including, but not limited to, matters involving the Federal Tax Claim.

17. **No Admission or Binding Effect with Respect to Other Matters.** This Agreement constitutes a compromise of the Litigation. Nothing contained in this Agreement shall constitute or be deemed to be an admission by any Party as to any matter. Further, the Parties' consent to the terms and conditions of this Agreement shall not be construed as acknowledgement that the federal statutes and regulations applied with respect to the Distribution would otherwise govern in the Litigation or in other legal proceedings. Other than in a dispute seeking enforcement of this Agreement, neither this Agreement nor any of its terms shall be admissible in evidence in any matter or proceeding among the Parties.

18. **Retention of Jurisdiction.** The Parties agree that the Court retains jurisdiction to interpret and enforce the terms and conditions of this Agreement.

19. **Governing Law.** This Agreement shall be governed by and construed in accordance with applicable federal law and, to the extent applicable, the substantive laws of the State of Illinois.

20. **Successors and Assigns.** This Agreement and all of its terms shall be binding upon the Plaintiffs' representatives, heirs, executors, administrators, successors and assigns.

21. **Drafting.** The Parties agree that this Agreement shall be construed as though each party to this Agreement participated equally in the preparation and drafting of this Agreement and that the Agreement sets forth terms and conditions jointly negotiated by the Parties.

22. **Integration.** This Agreement constitutes a single, integrated, written contract, expressing the entire agreement between the Parties relating to the claims and allegations at issue in the Litigation. It supersedes any prior agreements between the Parties relating to the claims and allegations at issue in the Litigation. The Parties represent and warrant that they are not relying on any promises or representations that do not appear written herein. This Agreement can be amended or modified only by a written agreement, signed by all of the Parties hereto.

23. **Severability.** If any provision in this Agreement is found to be unenforceable, it shall not affect the enforceability of the remaining

4

provisions and the Court shall enforce the remaining provisions to the extent permitted by law.

24. **Authority to Enter Into Agreement.** Each person signing this Agreement on behalf of a Party represents that he or she has been duly authorized to sign this Agreement and to bind the Party on whose behalf this Agreement is being signed and further represents and warrants that the Party on whose behalf this Agreement is being signed has consulted legal counsel in connection with negotiation and execution of this Agreement.

25. **Duplicates Effective as the Original.** Duplicates of the executed originals of this Agreement shall have the same force and effect and shall be as legally binding and enforceable as the original.

IN WITNESS WHEREOF, the Parties have executed this Agreement on the date indicated above.

Joseph Pavlik
Donna Smithey
By: *[signature]*
Clinton A. Krislov
Krislov & Associates, Ltd.

Federal Deposit Insurance Corporation

By: *[signature]*
Barbara Sarshik
Senior Counsel

THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JOSEPH PAVLIK, et al., <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL DEPOSIT INSURANCE CORPORATION, in its Corporate and Receivership Capacity, et al., <br><br> Defendants. | Case No. 1:10-cv-00816 |

## STIPULATION OF SETTLEMENT AND DISMISSAL WITHOUT PREJUDICE

On February , 2011, Plaintiffs Joseph Pavlik and Donna Smithey (Plaintiffs) and Defendant Federal Deposit Insurance Corporation, in its corporate capacity (FDIC) (collectively the Parties) entered into a settlement agreement (Agreement) to dismiss this action without prejudice pending the Parties' fulfillment of the terms and conditions specified in the Agreement.

WHEREFORE, the above action is hereby dismissed without prejudice pending the Parties' fulfillment of the terms and conditions specified in the Agreement. Upon fulfillment of the terms and conditions of the Agreement, the Parties shall notify the Court and submit a stipulation of final dismissal with prejudice.

*Exhibit A*

Dated:                          Respectfully submitted,

s/Barbara Sarshik
Barbara Sarshik, Senior Counsel
Barbara Katron, Counsel
Larry L. Goodman, Counsel
Federal Deposit Insurance Corporation
3501 Fairfax Drive, D-7020
Arlington, VA. 22226
Tel.: 703.562.2309

s/Clinton A. Krislov
Clinton A. Krislov, Esq.
Jeffrey M. Salas, Esq.
Krislov & Associated, LTD.
20 North Wacker Drive, Ste. 1350
Chicago, IL 60606
Tel: 312- 606-0500

It is so ORDERED by the Court this _____ day of _____,
2011.

_____
UNITED STATES DISTRICT JUDGE

*Exhibit A*

THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JOSEPH PAVLIK, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL DEPOSIT INSURANCE CORPORATION, in its Corporate and Receivership Capacity, *et al.*, <br><br> Defendants. | Case No. 1:10-cv-00816 |

## STIPULATION OF SETTLEMENT AND FINAL DISMISSAL

On February , 2011, Plaintiffs Joseph Pavlik and Donna Smithey (Plaintiffs) and Defendant Federal Deposit Insurance Corporation, in its corporate capacity (FDIC) (collectively the Parties) entered into a settlement agreement (Agreement) to dismiss this action with prejudice subject to the Parties' fulfillment of the terms and conditions specified in the Agreement.

The Parties represent that they have now fulfilled each of their respective obligations pursuant to the Agreement.

WHEREFORE, the above action is hereby dismissed with prejudice subject only to the Court retaining jurisdiction as necessary to enforce the terms of the Agreement.

*EXHIBIT B*

Dated: Respectfully submitted,

s/Barbara Sarshik
Barbara Sarshik, Senior Counsel
Barbara Katron, Counsel
Larry L. Goodman, Counsel
Federal Deposit Insurance Corporation
3501 Fairfax Drive, D-7020
Arlington, VA. 22226
Tel.: 703.562.2309

s/Clinton A. Krislov
Clinton A. Krislov, Esq.
Jeffrey M. Salas, Esq.
Krislov & Associated, LTD.
20 North Wacker Drive, Ste. 1350
Chicago, IL 60606
Tel: 312- 606-0500

It is so ORDERED by the Court this _____ day of _____,
2011.

_____
UNITED STATES DISTRICT JUDGE

*EXHIBIT B*